# Ex. A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TYRONE B. HENDERSON, DUNYEL JAMAAL ROUNDTREE, and MARK WOODS, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INFOMART, INC., <br><br> Defendant. | Case No. 13-cv-578 |

## DECLARATION OF ADAM TOWNSEND

Pursuant to 28 U.S.C. §1746, I, Adam Townsend, do hereby state as follows:

1. The statements in this declaration are based on my personal knowledge and I am prepared and able to testify as to the facts set forth herein if asked to do so.

2. I submit this declaration in support of InfoMart's Motion to Transfer Venue to the U.S. District Court for the Northern District of Georgia.

3. I am the Chief Operating Officer for InfoMart, Inc. ("InfoMart" or "Company"). I have held this position since 2013, and have worked for InfoMart since 2002. As COO, I am directly responsible for managing InfoMart's Operations, Compliance and Client Services departments. In my position, I am knowledgeable of the Company's business operations, policies and procedures, the Fair Credit Reporting Act ("FCRA"), the specific claims made against InfoMart in this litigation, and the facts, documents and witnesses potentially relevant to Plaintiffs' allegations and the Company's defense of the case.

4. InfoMart is a leading background screening company. Among our services, InfoMart provides our clients with applicant criminal histories, credit and driving records, and education and employment verifications.

5. InfoMart is a private corporation, incorporated under the laws of Georgia. The Company is headquartered in Marietta, Georgia. InfoMart's only physical facilities are located in Marietta, which is approximately twenty miles northwest of Atlanta, Georgia.

6. InfoMart's Marietta offices house the Company's only computer servers. Marietta also is where the Company maintains all records relating to our business operations, including all information relating to background screening operations, consumer disputes and inquiries, and all other information relating to our clients and those consumers on whom InfoMart conducts background screening operations. The Company's written policies and procedures are located at our Marietta offices.

7. InfoMart maintains records documenting information on the applicants on whom it conducts background screens and other business operations. Those records show that InfoMart does a significant percentage of its business for Georgia and Florida clients and performs a significant percentage of background screens concerning applicants who reside in Georgia and Florida. The Company's Georgia and Florida applicant screens consistently comprise 15-19% of InfoMart's total business.

8. Specifically, since 2009, InfoMart's Georgia applicant screens have comprised between 7.05% and 9.84% of its total business. In 2009, Georgia applicants made up 9.84% of InfoMart's business; 8.76% in 2010; 7.05% in 2011; 9.03% in 2012; and 7.16% in 2013.

9. Since 2009, InfoMart's Florida applicant screens have comprised between 7.64% and 9.5% of its total business. In 2009, Florida applicants made up 9.5% of InfoMart's business; 9.08% in 2010; 7.64% in 2011; 9.21% in 2012; and 7.64% in 2013.

10. During the same time period (2009-2013), Infomart has derived between 2.79% and 4.8% of its total business from applicants in Virginia. In 2009, Virginia applicants made up 2.92% of InfoMart's business; 3.13% in 2010; 2.79% in 2011; 2.9% in 2012; and 4.8% in 2013. All background screens of Virginia applicants were completed in Marietta, Georgia. Any application of customer hiring/adjudication criteria is handled in Georgia. In the event of a dispute involving a consumer report prepared concerning a Virginia applicant, such dispute would have been processed in Marietta. Likewise, all file disclosure request are processed through the Marietta, GA office and require a search of the systems that are located in Georgia.

11. InfoMart currently has 106 employees. With the exception of four employees, InfoMart's employees all reside in Georgia, and work at InfoMart's Marietta, Georgia offices. The four non-Georgia employees reside in Alabama, Florida, and Pennsylvania. These employees work from home or on the road. None of these four employees performed any work relating to Plaintiffs Henderson, Roundtree or Woods.

12. InfoMart does not employ anyone in Virginia.

13. As many as 79 InfoMart employees regularly assist with the preparation of consumer background reports and responding to consumer disputes and inquiries. These employees all reside in the Atlanta/Marietta area. The Company conducts all applicant screening and other business operations from our Marietta, Georgia offices. InfoMart's Marietta-based employees perform all FCRA-required procedures, including processing and responding to all consumer disputes and inquiries.

14. InfoMart's managerial employees (including myself) each work and live in the Atlanta, Georgia area. InfoMart's Marietta-based management is responsible for promulgating, implementing and enforcing all InfoMart policies, including all screening, dispute, and other FCRA-related policies and procedures.

15. InfoMart obtains multi-state data from HygenicsData, a national database management company based in Broomfield, Colorado. All data received from HygenicsData is processed by InfoMart employees in Marietta, Georgia. All information revealed from the multi-state is then verified by a county-level record search before being reported.

16. In February 2013, Tyrone Henderson wrote InfoMart requesting a copy of his file. InfoMart employee Lisa McKay received Mr. Henderson's written request. Ms. McKay is a Compliance Supervisor who resides and works in Georgia. From Marietta, GA, Ms. McKay prepared a response to Mr. Henderson's request. In her response, on behalf of the Company, Ms. McKay informed Mr. Henderson that InfoMart never conducted a background check on him and had no file or other information concerning him. As the InfoMart employee responsible for responding to Mr. Henderson, Ms. McKay has information relevant to Mr. Henderson's claims. InfoMart anticipates that Ms. McKay will testify as to her procedures for searching for information pertaining to Henderson and that she found no information about him in InfoMart's system, to the response she provided to Mr. Henderson and those InfoMart policies and procedures relevant to Mr. Henderson and his request. InfoMart will rely upon Ms. McKay in its defense against Mr. Henderson's claim.

17. If Mr. Henderson's class is certified, InfoMart expects that many of its other 79 Marietta employees who assist with the preparation of background screens and file disclosures will have information relevant to the class. These employees will have information about

4

InfoMart's policies regarding responding to requests for files. InfoMart anticipates that these employees will testify about the circumstances under which InfoMart makes written FCRA disclosures to individuals. These employees also are expected to testify to the specific responses made to any particular class member who requested a copy of their file.

18.   InfoMart anticipates that its management (all located in Georgia) will testify about the circumstances under which the Company provides file disclosures and the reasons why InfoMart's policies are consistent with its obligations under the FCRA.

19.   In August 2012, InfoMart conducted a background screen on Dunyel Roundtree. This background screen was conducted at the request of InfoMart's client, Cox Enterprises.

20.   Seven InfoMart employees assisted in processing the background screen on Mr. Roundtree and preparing the consumer report sent to Cox. These seven employees (with job titles) are: Cassie Lang (Online Analyst); Shane Wilson (Assistant Team Lead -- Phone Analyst); Rebecca Boudreaux (Drug Coordinator); Rhonda Hale (Data Entry Analyst); BriAnne McCurley (Data Entry Analyst); Althea Holmes (Senior QA Analyst); and Monique Fluker (Senior Compliance Analyst). These seven employees are each non-managerial employees who reside in the Atlanta/Marietta, Georgia area. InfoMart anticipates that each employee who assisted with Mr. Roundtree's background screen will testify about their role in that process, the InfoMart policies and procedures they applied in performing their specific job duty, and the reasons why they did or did not perform particular actions in connection with Mr. Roundtree's background screen. InfoMart will rely on each of these individuals in their defense against Mr. Roundtree's claims.

21.   If Mr. Roundtree's class is certified, InfoMart anticipates that many other Marietta, Georgia employees will have information relevant to the class. In particular,

InfoMart's other employees will have information about the processes applied by InfoMart when obtaining public record information about applicants. InfoMart's other employees also will have information about all correspondence sent to applicants from InfoMart. InfoMart's employees also will have information about InfoMart's relevant policies and procedures, and the reasons why these policies and procedures are consistent with InfoMart's obligations under the FCRA. InfoMart will rely on these employees in its defense of the case.

22. In October 2011, InfoMart provided a consumer report about Mark Woods to the Duval County Public Schools. After sending the report, Mr. Woods contacted InfoMart to dispute the report. Mr. Woods spoke to Maria Gerena, an InfoMart Compliance Analyst. After speaking with Mr. Woods, the Company initiated a reinvestigation, and later amended the report on Mr. Woods.

23. Seven InfoMart employees assisted in preparing the initial consumer report, conducting the reinvestigation based on Mr. Woods' dispute of that report, and preparing an amended report. These seven employees (and job titles) are: Shane Wilson (Assistant Team Lead -- Phone Analyst); Michica Matthews (QA Analyst); Monique Fluker (Senior Compliance Analyst); Lisa McKay (Compliance Supervisor); Maria Gerena (Compliance Analyst); David Myrick (Senior Phone Analyst); and Leslie Gray (Senior Client Relations Representative). These seven employees are each non-Executive Team employees who reside in the Atlanta/Marietta, Georgia area. The Company anticipates that each employee who assisted with Mr. Woods' background screen and reinvestigation of the disputed information will testify about their role in the process, the InfoMart policies and procedures they applied in performing their specific assignment, and the reasons why they did or did not perform particular actions in

connection with Mr. Woods' background screen and reinvestigation. InfoMart will rely on each of these individuals in their defense against Mr. Woods' claims.

24. If Mr. Woods' class is certified, InfoMart anticipates that many other Marietta, Georgia employees will have information relevant to the class. In particular, InfoMart's other employees will have information about the processes applied by InfoMart for reinvestigating disputes, specific communications with class members about reinvestigations, and relevant InfoMart policies relating to reinvestigations.

25. As stated above, InfoMart believes that as many as 79 Marietta-based employees have been involved in communicating with and/or processing disputes and background checks concerning members of Plaintiffs' purported class. In addition, the Company's Marietta-based management is responsible for promulgating, implementing and enforcing any policy or procedure challenged by Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 26, 2014.

_____
Adam Townsend