UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**TYRONE B. HENDERSON, SR.,**
**DUNYEL JAMAAL ROUNTREE,**
**And MARK WOODS**
*On behalf of themselves and others*
*Similarly situated,*

       **Plaintiffs,**

v.                                **CIVIL ACTION NO.: 3:13-cv-578**

**INFOMART, INC.**

       **Defendant.**

## PLAINTIFFS' FED. R. CIV. P. 26(a)(1) DISCLOSURES

COME NOW the Plaintiffs, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendant. These initial disclosures are based on information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiffs do not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiffs also do not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

    **I. Individuals likely to have discoverable information.**

    a.    ***The Plaintiff, Tyrone B. Henderson, Sr.***, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. (All facts)

    b.    ***The Plaintiff, Dunyel Jamaal Roundtree***, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. (All facts)

    c.    ***The Plaintiff, Mark Woods***, c/o Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. (All facts)

    d.    ***Employees of InfoMart, Inc.*** (All facts regarding the subject matter of the Complaint)

    e.    ***Putative class members***. (All facts)

    f.    ***The spouse, partner or significant other and all family members, friends and associates of each plaintiff and each putative class member***. Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses. (All facts, including but not limited to all facts related to damages).

    g.    ***Any and all witnesses identified by the Defendant***.

    h.    ***Any and all witnesses who have testified regarding similar claims in previous litigation.***

**II. Description of documents Plaintiffs may use in support of his action:**

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

Plaintiff's Bate Stamp Nos. 000001 – 000532 – *Plaintiffs' counsel will forward Plaintiffs' Bate Stamped Exhibits under separate cover to Defendant's counsel.*

| Document Type | Bate Stamp # |
|---|---|
| Documents regarding Tyrone Henderson | **000001 - 000017** |
| Documents regarding Dunyel Jamaal Roundtree | **000018 – 000040** |
| Documents regarding Mark Woods | **000041 - 000056** |
| Internet Research regarding InfoMart | **000057 - 000126** |
| NAPBS – Information on Accreditation Program | **000127 - 000133** |
| NAPBS – The Facts about Background Checks | **000134 - 000137** |
| NAPBS – There's no such thing as a National Database for Background Checks by Melissa Sorenson – April 4, 2013 | **000138 - 000140** |
| NAPBS – Verifications Best Practices | **000141 - 000152** |
| NAPBS – Standardization of Common Industry Terms | **000153 - 000195** |
| NABPS – Ethics and the Background Screener | **000196 - 000226** |
| NAPBS – Background Screening Past-Present-Future | **000227 - 000234** |
| NAPBS – Criminal Background Checks for Employment Purposes | **000235 - 000241** |
| Sleuthing 101 – A Primer – Background Checks and the Law – by Barry Nadell | **000242 - 000426** |
| ASIS International – Pre-Employment Background Screening Guideline | **000427 - 000486** |
| Broken Records – How Errors by Criminal Background Checking Companies harm Workers and Businesses – NCLS – April 2012 | **000487 - 000532** |

### III.   Computation of Damages

####   A.   Individual Claims

**Itemization of Damages**

Plaintiffs seek damages for the following categories of harm as "actual damages" for their individual claims in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486–87 (5th Cir. 2000); *see Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D. Tex. 1997). Such actual damages will be

3

determined by the jury in this matter.

### Categories and Types of Actual Damages

1. Emotional and mental anguish, frustration and annoyance from being been deterred from applying for employment.

2. Emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied employment.

3. Emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of false information by the Defendant.

4. General economic damages in the form of lost employment capacity.

5. General damages in the form of damage to reputation.

6. Economic damage also includes the considerable time, effort, and expense Plaintiffs have been forced to expend attempting to force Defendants to comply with their statutory obligations including telephone calls, writing letters, and sending faxes.

7. Embarrassment from having to explain circumstances to potential employers, including anxiety when considering seeking additional employment because the consumer believes, justifiably, that he or she will be forced to once again subject himself or herself to the humiliation of having to explain the false and defamatory information previously discovered.

### Caselaw Supporting Actual Damages

Plaintiffs' actual damages will likely be in keeping with the following FCRA decisions and settlements:

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

4

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

*Johnson v. MBNA,* (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

5

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

**Punitive Damages:**

Plaintiffs seek unliquidated punitive damages in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

**Caselaw Supporting Punitive Damages:**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer employment cases:

> *Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);
>
> *Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);
>
> *Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)
>
> *Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);
>
> *Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)
>
> *Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);
>
> *Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)
>
> *Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);
>
> *Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5

7

million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

**B.    Class Claims:**

Pursuant to 15 U.S.C. §1681n Plaintiffs and each class member seek statutory damages from $100.00 to $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Plaintiffs further seek these damages individually and on a class basis.

Plaintiff reserves the right to supplement these disclosures.


By:    /s/
Leonard A. Bennett
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com


Susan M. Rotkis (VSB#40693)
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

        Christopher Colt North
        VSB #16955
        The Consumer & Employee Rights Law Firm, P.C.
        751-A Thimble Shoals Boulevard
        Newport News, Virginia 23606
        Phone: (757) 873-1010
        Fax:   (757) 873-8375
        Email: cnorthlaw@aol.com

        Dale Wood Pittman
        The Law Office of Dale W. Pittman, P.C.
        112-A W Tabb Street
        Petersburg, VA  23803-3212
        Telephone:  804-861-6000
        Fax:  (804) 861-3368
        E-mail:  dale@pittmanlawoffice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the  28th   day of March 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

Taron K. Murakami
Seyfarth Shaw, LLP
975 F Street NW
Washington, DC 20004-1454
E-mail:  tmurakami@seyfarth.com

John W. Drury
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577
E-mail:  jdrury@seyfarth.com

Pamela Q. Devata
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577
E-mail:  pdevata@seyfarth.com

/s/
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com